HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS W.S. RICHEY,

      Plaintiff,

  v.

LEE STEMLER,

      Defendant.

Case No.  2:19-cv-00769-RAJ

ORDER

This matter comes before the Court on objections filed by both parties to the Report and Recommendation ("R&R) of the Honorable Mary Alice Theiler, United States Magistrate Judge.  Dkt. ## 21, 22.  Having carefully reviewed the R&R, the objections and responses to that, and the remaining record, the Court **ADOPTS in part** and **DECLINES to adopt in part** the R&R as set forth below.

The underlying facts for this matter have been amply addressed in the R&R, and the Court need not repeat them here.  Dkt. # 20.

## I.  DISCUSSION

The Court adopts the R&R in its entirety, save for one conclusion.  On Plaintiff's claim for First Amendment retaliation, the R&R recommends denying Defendant's motion for summary judgment while granting Plaintiff's.  Dkt. # 20 at 14-17.  This is partially correct: Defendant's motion for summary judgment should indeed be denied.

ORDER – 1

But so should Plaintiff's.  For the reasons below, the Court denies Plaintiff's motion for summary judgment on his First Amendment retaliation claim.

In the prison context, there are five basic elements to an inmate's First Amendment retaliation claim.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  One element is that a state actor's adverse action must have "chilled [an] inmate's exercise of his First Amendment rights."  *Id.* (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005)).  This is an objective inquiry.  *Id.* at 1271.  It matters not that the inmate's speech was "actually inhibited or suppressed" but rather that the adverse action "would chill *or* silence a person of ordinary firmness from future First Amendment activities."  *Id.* (emphasis in original) (quoting *Rhodes*, 408 F.3d at 568-69).  In response to Plaintiff's constitutionally protected activity of filing prisoner grievances, Defendant submitted a serious infraction report against Plaintiff.  Dkt. # 13 ¶ 7.  Defendant argues that Plaintiff's speech was not actually chilled because Plaintiff was in fact "quite delighted" to receive an infraction.  Dkt. # 12 at 13.  The R&R correctly rejects this argument: "leaving aside plaintiff's unique characteristics and motivations, and applying the objective standard mandated by the Ninth Circuit, this Court must conclude that a reasonable person may well have been chilled by a serious infraction report such as that written by [Defendant]."  Dkt. # 20 at 16.  And the Court agrees that Defendant's motion for summary judgment should be denied for that reason.

But the R&R then says that Plaintiff's motion for summary judgment should be granted, a step too far.  When faced with cross-motions for summary judgment, as the Court is here, a court must consider each motion on its own merits.  *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).  "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."  *Id.* (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed. 1998)).  To that end, the court must

ORDER – 2

"review each cross-motion separately" and "review the evidence submitted in support of each cross-motion." *Id.* Here, although Defendant's motion should be denied, that does not mean that Plaintiff's motion should be granted. It must be denied too. Genuine issues of material fact exist.

In response to Plaintiff's constitutionally protected activity of filing grievances, Defendant submitted a serious infraction report to the Monroe Correctional Complex disciplinary unit. Dkt. # 13 ¶ 7. Plaintiff was found guilty and received a reprimand and a warning. Dkt. # 14 ¶ 3. But later, on appeal, the infraction was dismissed and is no longer on Plaintiff's record. *Id.* Whether this would have chilled the First Amendment rights of a person of ordinary firmness is not for the Court to say because it is a question of fact. The R&R notes that a person of ordinary firmness "*may well* have been chilled," which is true. Dkt. # 20 at 16. But reasonable minds could disagree, and that ultimate determination must be left for the factfinder.

Heeding *Fair Housing*'s instruction, the Court considers Plaintiff's motion independent of Defendant's. Dkt. # 10. On the issues of retaliation and chilling, Plaintiff simply fails to provide enough evidence to "affirmatively demonstrate that no reasonable trier of fact" could disagree that Defendant retaliated against him. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Plaintiff has failed to provide enough evidence to warrant affirmative relief on summary judgment. For that reason, Plaintiff's motion must be denied on this issue just like Defendant's.

The Court's conclusion here need not disturb the R&R's other recommendation on qualified immunity, which the Court adopts. After finding that Defendant retaliated against Plaintiff, the R&R concluded that Defendant was not entitled to qualified immunity on Plaintiff's retaliation claim. Dkt. # 20 at 17-18. The R&R applied the two-part test for qualified immunity articulated in *Saucier v. Katz*, 533 U.S. 194, 201 (2001). *Id.* According to the magistrate judge, the first *Saucier* prong—"whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that

ORDER – 3

1  the defendant's conduct violated a constitutional right"—was met because Plaintiff just
2  established a First Amendment violation of retaliation. *Id.* Yet, as the Court held above,
3  Plaintiff has not in fact proven retaliation because factual issues exist. Hence, the R&R's
4  assumption that the first *Saucier* prong is met is no longer a given.

Before analyzing the first prong, the Court offers a point of clarification: Factual issues indeed prevent the Court from resolving Plaintiff's retaliation claim by way of summary judgment. They do not, however, hold up a ruling on qualified immunity, which leaves most of the R&R intact despite the Court's analysis above. A court should decide the issue of qualified immunity as a matter of law if "the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts." *Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Peng v. Mei Chin Penghu*, 335 F.3d 970, 979-80 (9th Cir. 2003)). Only if "historical facts material to the qualified immunity determination are in dispute" must the court submit the issue to a jury. *Id.* (quoting *Torres v. City of Los Angeles*, 548 F.3d 1197, 1211 (9th Cir. 2008)). What is disputed here is not "historical facts." There is no dispute that Defendant submitted an infraction report and that Plaintiff himself was not chilled. Instead, what is disputed is whether a person of ordinary firmness would have been. That is not a dispute over historical facts but a factual dispute over what inferences may be properly drawn from those historical facts. Thus, the Court must resolve the issue of qualified immunity as a matter of law.

"For purposes of qualified immunity, we resolve all factual disputes in favor of the party asserting the injury." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir. 2013); *cf. Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) ("In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the *facts*, '*[t]aken in the light most favorable to the party asserting the injury*, . . . show the officer's conduct violated a [federal] right [.]'" (quoting *Saucier*, 533 U.S. at 201)). Here, there is only one factual dispute: whether a person of ordinary

ORDER – 4

firmness would have been chilled by Defendant's serious infraction report. If the Court resolves that dispute in Plaintiff's favor, then Plaintiff has shown retaliation for purposes of the first prong of the qualified immunity analysis. And the Court adopts the R&R's remaining analysis on the second prong. Dkt. # 20 at 17-18.

As to the objections raised by the parties, the Court has reviewed them and determines that they are without merit and need not be further addressed here.

## II. CONCLUSION

For the reasons stated above, the Court finds and **ORDERS**:

(1) As set forth above, the Court **ADOPTS in part** and **DECLINES to adopt in part** the Report and Recommendation (Dkt. # 20);

(2) Plaintiff's motion for summary judgment (Dkt. # 10) is **DENIED**;

(3) Defendant's cross-motion for summary judgment (Dkt. # 12) is **GRANTED** with respect to Plaintiff's freedom of speech and right to petition for redress of grievances claims and **DENIED** with respect to Plaintiff's retaliation claim;

(4) Plaintiff's freedom of speech and right to petition for redress of grievances claims are **DISMISSED with prejudice**;

(5) Plaintiff's request for punitive damages is **DENIED**; and

(6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to Judge Theiler.

DATED this 1st day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5